# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID E. KERNS, JR., | : | |
| Plaintiff, | : | Case No. 3:09cv00087 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

In late March 2010 the Court issued a Decision and Entry resolving this social security case in favor of Defendant Commissioner of the Social Security Administration. (Doc. #14).  The Decision and Entry overruled Plaintiff's Objections (Doc. # 13) to a Report and Recommendations (Doc. #12) and adopted the Report and Recommendations in full.  On March 29, 2010, the Clerk of Court entered Judgment against Plaintiff and in favor of the Commissioner.  (Doc. #15).

This case is presently pending upon Plaintiff's Motion To Alter Or Amend Judgment and Memorandum in Support (Doc. #16) and the record as a whole.

Plaintiff's Motion relies on Fed. R. Civ. P. 59, which "offer[s] district courts an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007). "To grant a motion filed pursuant to Rule 59(e) ... there must be '(1) a clear error of law;

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting in part *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006)); *cf. Bollenbacher v. Commissioner of Soc. Sec.*, 621 F.Supp.2d 497, 501 (N.D. Ohio 2008)(Carr, James G., C.J.)("The [Rule 59] motion is not a substitute for appeal and does not allow an unhappy litigant to reargue the case.").

    Plaintiff's Motion and Memorandum in Support reiterate arguments previously addressed in this case or otherwise do not demonstrate that the Court committed clear error of law or that newly discovered evidence requires altering or amending the Court's prior Decision. Plaintiff's Motion and Memorandum similarly do not point to a pertinent change in law since the time of the Court's Decision and Entry or that manifest injustice requires amending or altering the Decision and Entry.

    Accordingly, Plaintiff's Motion To Alter Or Amend Judgment lacks merit

## IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's Motion To Alter Or Amend Judgment (Doc. #16) be DENIED; and

2.     This case remain terminated on the Court's docket.

July 1, 2010

                                                  s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).