IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID E. KERNS, JR.,                          :

        Plaintiff,                            :

                                    Case No. 3:09cv087

    vs.                                   :

                                JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL                        :
SECURITY,                                     :

        Defendant.                            :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION TO ALTER
OR AMEND JUDGMENT (DOC. #16); DECISION AND ENTRY
SUSTAINING PLAINTIFF'S OBJECTIONS (DOC. #18) TO
SUPPLEMENTAL REPORT AND RECOMMENDATIONS OF
MAGISTRATE JUDGMENT (DOC. #17); SUPPLEMENTAL REPORT AND
RECOMMENDATIONS (DOC. #17) REJECTED

---

Seeking disability benefits, Plaintiff initiated this litigation, in accordance

with 42 U.S.C. § 405(g).  This matter was referred to United States Magistrate

Judge Sharon Ovington, for a Report and Recommendations.  Judge Ovington filed

such (Doc. #12), recommending that the Court affirm the Defendant's decision to

deny the requested award of such benefits.  After Plaintiff had objected to the

Report and Recommendations (see Doc. #13), this Court entered its Decision,

overruling those Objections and adopting Judge Ovington's Report and

Recommendations.  <u>See</u> Doc. #14.  Judgment was entered thereon.
<u>See</u> Doc. #15.

In response, Plaintiff filed his Motion to Alter or Amend Judgment
(Doc. #16), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing
that the Commissioner's decision to deny him the requested award of benefits was
not supported by substantial evidence.  That motion was referred to Judge
Ovington, who recommended that the Court deny the motion, since a motion
under Rule 59(e) is not the substitute for an appeal.  <u>See</u> Doc. #17.  The Plaintiff
has objected to the Supplemental Report and Recommendations of the Magistrate
Judge (<u>see</u> Doc. #18),[1] and the Court now rules on those objections.

In her Supplemental Report and Recommendations (Doc. #18), Judge
Ovington recommended that the Court overrule Plaintiff's Motion to Alter or Amend
Judgment (Doc. #16), because a motion under Rule 59(e) is not a substitute for an
appeal.  Without addressing the merits of that argument, this Court notes that it
has ruled on numerous such motions filed by the Commissioner in Social Security
disability cases.  To be consistent with that practice, the Court will address the
Plaintiff's request for relief under Rule 59(e).  Therefore, Court sustains the
Plaintiff's Objections (Doc. #18) to the Magistrate Judge's Supplemental Report
and Recommendations (Doc. #17), and rejects that judicial filing in its entirety.

In his Motion to Alter or Amend Judgment (Doc. #16), the Plaintiff argues
that the decision of the Administrative Law Judge ("ALJ") was not supported by

---

[1]The Commissioner has not filed a memorandum opposing the Plaintiff's Objections
(Doc. #18).

substantial evidence,[2] because he meets or exceeds the requirements of Listing 12.04 and Listing 12.06.

Listing 12.04 provides in relevant part:

12.04. Affective Disorders: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome.  Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A.  Medically documented persistence, either continuous or intermittent, of one of the following:

1.  Depressive syndrome characterized by at least four of the following:
a. Anhedonia or pervasive loss of interest in almost all activities; or
b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions or paranoid thinking; or

2. Manic syndrome characterized by at least three of the following:
a. Hyperactivity; or
b. Pressure of speech; or
c. Flight of ideas; or

---

[2]This Court is limited in its review of the Commissioner's decision to deny benefits to determining whether that decision was supported by substantial evidence. <u>Cole v. Astrue</u>, — F.3d —,—, 2001 WL 2745792 at * 3 (6th Cir. 2011) (noting that the "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards") (internal quotation marks and citations omitted).

d. Inflated self-esteem; or

e. Decreased need for sleep; or

f. Easy distractibility; or

g. Involvement in activities that have a high probability of painful consequences which are not recognized; or

h. Hallucinations, delusions or paranoid thinking;

Or

3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

And

B. Resulting in at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation, each of extended duration;

20 C .F.R. § 404, Subpart P, Appendix 1, Listing 12.04.  Given that Listing 12.04 contains an identical Subpart (B) as that set forth in Listing 12.06, the Court will address the two together. See  20 C .F.R. § 404, Subpart P, Appendix 1, Listing 12.06.

As can be seen from the foregoing, to meet or to exceed Listing 12.04 and/or Listing 12.06, the applicant must meet the requirements of Subsection (A), and two of the four criteria set forth in Subsection (B).[3]  The ALJ, who ruled upon the Plaintiff's application for an award of disability benefits, did not challenge that

_____

[3]As an alternative to meeting two of the four criteria of Subsection (B), an applicant may meet the criteria set forth in Subsection (C) of Listing 12.04 and/or Listing 12.06.  Since Plaintiff has not argued that he meets or exceeds of Subsection (C) in either, the Court has not quoted same.

- 4 -

the Plaintiff's condition met or equaled the requirements of Subpart (A) and found that Plaintiff's condition constituted a marked difficulties on his social functioning, Subpart (B)(2).  Transcript ("Tr.") at 27.  However, the ALJ also found that the Plaintiff's difficulties with respect the other three criteria were less than marked. Id.  Plaintiff has not pointed to substantial evidence, demonstrating that the ALJ erred by failing to find that the Plaintiff met or exceeded any of the other criteria set forth in Subpart (B) of Listing 12.04 and/or Listing 12.06.

The evidence overwhelmingly supports the ALJ's finding that Plaintiff did not have a marked restriction in the activities of daily living.  Such evidence establishes that Plaintiff lived with his wife and children, where he cooked, cleaned up after cooking, cleaned the house, traveled to Florida and back, visited family and friends two to three times a week and helped his children with their homework.  The fact that the Plaintiff could not drive places on his own does not deny substantial evidentiary support to the ALJ's finding on this criteria.  As to maintaining concentration or pace, the ALJ reasonably found, based upon the testimony of Dr. Giovanni Bonds, that Plaintiff was only moderately limited in those criteria.[4]  Id. see also Tr. at 324-335.  Finally, there is no evidence that Plaintiff had repeated episodes of decompensation, each of extended duration.

[4]That finding is fully supported by Dr. Alvarez-Mullin, M.D., a record reviewing psychiatrist, and not contradicted by any other medical professional.

- 5 -

- 6 -

Based upon the foregoing, the Court overruled Plaintiff's Motion to Alter or to Amend Judgment (Doc. #16).


September 30, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.